UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO ADVISORS, LLC,
        Plaintiff,

                                    No. 1:09-cv-517

-v-

                                    HONORABLE PAUL L. MALONEY

JAMES CARTER, LAIRD LONGAN,
and, GREGORY SHAW,
        Defendants.

## TEMPORARY RESTRAINING ORDER

        This matter comes before the Court on Plaintiff Wells Fargo Advisors, LLC's (Wells Fargo) motion for a temporary restraining order. On June 5, 2009 Plaintiff filed a verified complaint and this motion. This Court has reviewed the verified complaint, the motion for a temporary restraining order, the memorandum in support, as well as the accompanying exhibits.

        In the verified complaint, Plaintiff alleges Defendants Carter, Longan and Shaw are securities registered representatives. All three worked for Plaintiff in its Okemos, Michigan branch office. On Thursday, May 28, 2009, all three submitted letters of resignation, effective immediately, and then began working for a competitor, Stifel Nicholas & Co., Inc. Plaintiff alleges sometime between the close of business on May 27 and the morning on May 28, all three Defendants cleaned out their offices and took confidential client information and documentation. Plaintiff alleges Defendants' actions warrant issuance of a temporary restraining order (TRO). First, Plaintiff alleges both it and Stifel Nicholas are signatories to the Protocol for Broker Recruiting. Plaintiff alleges Defendants violated the Protocol. Second, Plaintiff alleges Defendants violated a noncompete clause contained in Retention Bonus Agreements and Promissory Notes each signed in October 2007.

To obtain a TRO, a plaintiff must show specific facts in a verified complaint that clearly demonstrate an immediate or irreparable injury will result to the plaintiff before the adverse parties may be heard in opposition. FED. R. CIV. P. 65(b)(1)(A). When considering whether to issue a TRO, this Court considers (1) whether Wells Fargo has shown a substantial likelihood it will prevail on the merits of its claim, (2) whether there is a threat of irreparable harm to Wells Fargo if the TRO does not issue, (3) whether issuance of a TRO will substantially harm others, and (4) whether issuance of the TRO is in the public interest. *Essroc Cement Corp. v. CPRIN, Inc.*, 593 F.Supp.2d 962, 967 (W.D. Mich. 2008) (Maloney, C.J.).

**THIS COURT FINDS:**

1. Defendants access to and potential use of confidential client information to solicit clients to their new firm constitutes irreparable harm to Wells Fargo.

2. The issuance of the TRO would not substantially harm Defendants more than the failure to issue the TRO would harm Plaintiff. To the extent Defendants may be entitled to keep any information or solicit former clients, the harm in the delay is less than the harm risked by Plaintiff should Defendants not be entitled to keep the information or solicit former clients.

3. The public's interest is best served by granting a TRO. The public has an interest in having contracts and protocols upheld.

4. Wells Fargo has established a likelihood of success on the merits of its claim.

**IT IS HEREBY ORDERED:**

1. A **TEMPORARY RESTRAINING ORDER SHALL ISSUE.**

2. Defendants, and Defendants' current employer Stifel Nicholas & Co., and anyone working with or for Defendants and their current employer are temporarily enjoined and restrained from using,

disclosing, or transmitting information contained in records or files, other than the names, addresses, telephone numbers, email addresses, and account titles of Wells Fargo customers.

3. Defendants, and Defendant's current employer Stifel Nicholas & Co., and anyone working with or for Defendants and their current employer are temporarily enjoined and restrained from soliciting business from any customers of Wells Fargo or its corporate affiliates.

4. Defendants shall deliver any and all Wells Fargo records, in any medium and in whatever form, including but not limited to paper, electronic, digital, or other form, and all copies of those records to Alvin Spencer, Manager of Wells Fargo's Okemos, Michigan office within 24 hours of the issuance of this order.

5. This temporary restraining order is binding upon Defendants, their agents, their employers, and any others in active concert or participation with them who receives actual notice of this order and the order shall remain in effect until further notice of this Court, not to exceed ten days.

6. A hearing to show cause why this temporary restraining order should not be converted to a preliminary injunction shall occur on Tuesday, June 9 at 3:30 p.m.

This order issued on Friday, June 5, 2009 at 12:00 p.m.

Date:  June 5, 2009                                              /s/ Paul L. Maloney
                                                                 Paul L. Maloney
                                                                 Chief, United States District Judge